Honorable Bill Baumann Potter County Attorney 303 Courthouse Amarillo, Texas 79101
Mr. John A. Fairman Director Harris County Health Facilities Development Corporation 8203 Fawn Terrace Houston, Texas 77071
Re: Whether meetings of a Health Facilities Development Corporation created pursuant to article 1528j, V.T.C.S., are subject to the Open Meetings Act, article 6252-17, V.T.C.S.
Gentlemen:
You ask whether meetings of the board of directors of a Health Facilities Development Corporation created pursuant to article 1528j, V.T.C.S., must be held in compliance with the Texas Open Meetings Act, article 6252-17, V.T.C.S. The Open Meetings Act applies to every "meeting" of a "governmental body." See art. 6252-17, § 2(a). Whether the corporation is subject to the Open Meetings Act depends on whether the corporation falls within the act's definition of a "governmental body."
Section 1(c) of the Open Meetings Act defines a "governmental body" as
 any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rulemaking or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.
In Attorney General Opinion JM-340 (1985), this office indicated that this definition comprises four parts. The first part describes the state-level governmental entities that are subject to the Open Meetings Act. The remaining three parts describe the specific local governmental entities that are subject to the act. For a local level entity to be a "governmental body" within the meaning of section 1(c) of the act it must be included expressly in one of the three specific descriptions of local governmental bodies. Attorney General Opinion JM-340; see Attorney General Opinion JM-183 (1984).
The Health Facilities Development Corporations at issue here are nonprofit public corporations created pursuant to article 1528j, V.T.C.S. The purpose of article 1528j is to enable cities, counties, and hospital districts to create corporations with the power to provide, expand, and improve health facilities to improve the adequacy, cost, and accessibility of health care, research, and education in Texas. Art. 1528j, § 1.02. Such corporations have extensive authority, including the authority to issue revenue bonds and notes, to accomplish these purposes. See id; sec. 4.01. An article 1528j corporation can be created only by a "sponsoring entity" — a city, county, or district as defined in the act. Each corporation must remain under the supervision of its sponsoring entity. Art. 1528j; § 4.01(14). Sponsoring entities cannot delegate to article 1528j corporations any sovereign powers of the state or of the sponsoring entity. See id. The corporations have only the powers authorized under article 1528j.
In Attorney General Opinion JM-596 (1986), this office addressed a similar question: whether nonprofit water supply corporations are subject to the Open Meetings Act. Like the corporations at issue in Attorney General Opinion JM-596, the corporations authorized by article 1528j are not entities within the executive or legislative branch of state government. Nor do they fit within the specific local governing entities listed in section 1(c) of the Open Meetings Act. Because an article 1528j corporation cannot exercise delegated governmental functions, it cannot reasonably be characterized as a "department, agency, or political subdivision" of its sponsoring entity, as those terms are used in the Open Meetings Act. See Attorney General OpinionJM-596; see also Attorney General Opinion JM-183 (1984). Nor is a nonprofit public corporation reasonably characterized as a "special district." A special district is a governmental entity, usually with taxing authority, created to provide special rather than general governmental services in a specific locality. See Black's Law Dictionary, 5th ed. Although both special districts and nonprofit public corporations often serve to bypass normal governmental borrowing limits, a nonprofit public corporation cannot ordinarily be characterized as a special district.
Of course, a public corporation's enabling statute may provide expressly that such corporations must comply with the Open Meetings Act. See Attorney General Opinion JM-120 (1983). Article 1528j does not, however, provide that Health Facilities Development Corporations must comply with the Open Meetings Act.
 SUMMARY
A Health Facilities Development Corporation created pursuant to article 1528j, V.T.C.S., does not fall within the definition of a "governmental body" under section 1(c) of the Texas Open Meetings Act, article 6252-17, V.T.C.S., and therefore need not comply with the Open Meetings Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General